### CLUSTER GASLIGHT CO. v. BAKER.

(Supreme Court, Appellate Term. December 7, 1904.)

1. SALES—ACTION FOR PRICE—WRITTEN AGREEMENT—PAROL EVIDENCE.

    Where an agreement to pay for a chattel was in writing, and was absolute in form, parol evidence that the sale was conditioned on the buyer's satisfaction was incompetent.

2. SAME—WARRANTY.

    In an action for the price of a chattel sold the purchaser cannot plead the breach of warranty without disaffirmance of the contract and an offer to return the chattel.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the Cluster Gaslight Company against Charles J. Baker for agreed price of a lamp delivered to defendant. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Meyer Greenberg, for appellant.
Horace London, for respondent.

BISCHOFF, J. The agreement to pay for the lamp was in writing, was absolute in form, and left nothing to be added by parol; hence the attempt to prove that the sale was conditional upon the buyer's satisfaction was properly met by objection that the evidence offered was incompetent to alter the terms of the writing. So, too, the exclusion of evidence of a breach of warranty was not erroneous, the defense pleaded being insufficient.

¶ 2. See Sales, vol. 43, Cent. Dig. § 1227.

Without disaffirmance by the defendant, and an offer to return the chattel, the breach of warranty was no answer to an action for the price. After acceptance, the breach of warranty would support rescission or a claim for damages, but here the defense pleaded involved neither. Thus there was nothing for the jury, the plaintiff's right of recovery being established by the contract and the conceded delivery, and the direction of a verdict was proper.

Judgment affirmed, with costs. All concur.